IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　Plaintiff,<br><br>v.<br><br>**$7,900.00 IN UNITED STATES CURRENCY,**<br><br>and<br><br>**$8,020.00 IN UNITED STATES CURRENCY,**<br><br>　　　　Defendants. | Case No. __ |

**COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff, United States of America, by its attorneys, Timothy A. Garrison, United States Attorney for the Western District of Missouri, and Leigh Farmakidis, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF THE ACTION**

1.　　This is an action to forfeit property to the United States for violations of 21 U.S.C. § 881(a)(6).

**THE DEFENDANTS *IN REM***

2.　　The defendant $7,900.00 in United States currency was seized from Kerry Vehawn on August 14, 2018, at the United States Postal Service Mail Stream in Springfield, Missouri. It is presently in the custody of the United States Postal Service.

3. The defendant $8,020.00 in United States currency was seized from Kerry Vehawn on August 14, 2018, at the United States Postal Service Mail Stream in Springfield, Missouri. It is presently in the custody of the United States Postal Service.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. § 881(a)(6).

5. This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

7. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8.      On July 26, 2018, United States Postal Inspector (PI) Matthew Murrow was contacted by the West Plains, Missouri Post Office regarding an outgoing parcel that smelled of marijuana.  The parcel was United States Postal Service (USPS) Priority Mail parcel 9505514098568207308195.  It was addressed to what appeared to be a business in McMinnville, Oregon, and the return address was to Kerry Vehawn in West Plains, Missouri.  PI Murrow instructed the Post Office to send the parcel to him at the Postal Inspection Service Office in Springfield, Missouri.  Prior to receiving the parcel, PI Murrow went out of town for job-related training.

9.      On July 31, 2018, while still at training, PI Murrow was again contacted by the West Plains Post Office regarding a second parcel with the same return address and that also smelled of marijuana.  That parcel was USPS Priority Mail parcel 9505514098568212310039.  The handwriting on the second parcel did not appear to be the same as the first parcel, but the second parcel was addressed to an individual in McMinnville, Oregon.  As with the first parcel, PI Murrow instructed the Post Office to send this parcel to him at the Postal Inspection Service Office in Springfield, Missouri.

10.     On August 8, 2018, PI Murrow was again contacted by the West Plains Post Office and advised a male who identified himself as Kerry Vehawn had contacted the post office inquiring about the status of the two parcels described above.  He left his phone number with the West Plains Post Office.

11.     On August 8, 2018, PI Murrow called the phone number and received no answer, but left a voicemail message.  Several days later, on August 13, 2018, Vehawn returned PI Murrow's call and left a voicemail message for PI Murrow.

12. PI Murrow called Vehawn on August 13, 2018, and Vehawn answered the phone. PI Murrow informed Vehawn that the two parcels had been removed from the mail because the two parcels smelled of marijuana.

13. Vehawn stated there was no marijuana in the parcels, but instead the parcels contained money. PI Murrow then asked Vehawn why he was sending money through the mail. Vehawn replied that he had sold equipment for a friend who lived in Oregon, and Vehawn was sending the proceeds of the sale to the friend.

14. When PI Murrow asked for additional details about the sale, Vehawn was unable to provide any information regarding the type of equipment sold, how he had obtained the equipment in order to sell it, or any other information regarding the purported sale.

15. PI Murrow then asked Vehawn if he could open the parcels to confirm that the parcels did not contain controlled substances. Vehawn consented to PI Murrow opening and examining the contents of both parcels.

16. While Vehawn was still on the phone, PI Murrow opened the parcels and found that each parcel contained United States currency wrapped in aluminum foil and secured inside vacuum-sealed bags. PI Murrow did not open the vacuum-sealed bags at that time.

17. PI Murrow then asked Vehawn if he had ever been arrested for controlled substance violations, and Vehawn stated that he had been.

18. PI Murrow asked to whom Vehawn was sending the money, and Vehawn stated that he was sending the money to the individual to whom the second parcel was addressed. However, the first parcel was addressed to a business with a different address. Accordingly, PI Murrow asked why only one of the parcels was

addressed to the individual. Vehawn responded in sum and substance, "that's what he told me to do."

19. PI Murrow next asked if the individual to whom the second parcel was addressed had a marijuana grow in Oregon. Vehawn responded, in sum and substance, that he did not know what the individual did or what kind of business he had.

20. PI Murrow stated that he suspected that the money was for marijuana and that the individual to whom the second parcel was addressed had a marijuana grow in Oregon. Vehawn replied, "OK" and said nothing further in response. Vehawn did not deny, dispute, or otherwise challenge PI Murrow's stated suspicion.

21. PI Murrow then advised Vehawn that the money was being seized as suspected drug proceeds.

22. The unopened vacuum sealed bags were placed in an evidence vault.

23. On August 14, 2018, PI Murrow removed the bags from the evidence vault and opened them with PI Chris Eby present. PI Eby and PI Murrow counted the United States currency and completed the Currency Verification Sheets. The parcels and their contents were photographed. The parcels were identified as "Parcel #1" and "Parcel #2." Parcel 1 contained $7,900 in United States currency and Parcel 2 contained $8,020 in United States currency.

## CLAIM FOR RELIEF

### FIRST CLAIM FOR RELIEF

24. The Plaintiff repeats and incorporates by reference the paragraphs above.

25. By the foregoing and other acts, the defendant $7,900.00 in United States currency and the defendant $8,020.00 in United States currency constitute

moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in in violation of 21 U.S.C. § 801, *et seq.*, and therefore, are forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

## SECOND CLAIM FOR RELIEF

26. The Plaintiff repeats and incorporates by reference the paragraphs above.

27. By the foregoing and other acts, the defendant $7,900.00 in United States currency and the defendant $8,020.00 in United States currency constituteproceeds traceable to an exchange of moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 801, *et seq.*, and therefore, are forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

## THIRD CLAIM FOR RELIEF

28. The Plaintiff repeats and incorporates by reference the paragraphs above.

29. By the foregoing and other acts, the defendant $7,900.00 in United States currency and the defendant $8,020.00 in United States currency constitute moneys, negotiable instruments, securities, or other things of value used or intended to be used to facilitate any violation of 21 U.S.C. § 801, *et seq.*, and therefore, are forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE the United States prays that the defendant property be forfeited to the United States, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

Respectfully submitted,

Timothy A. Garrison
United States Attorney

By:    */s/ Leigh Farmakidis*
Leigh Farmakidis, #70771
Assistant United States Attorney
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122
E-mail: Leigh.Wasserstrom@usdoj.gov

## VERIFICATION

I, Postal Inspector Matthew Murrow, hereby verify and declare under penalty of perjury that I am a Postal Inspector with the United States Postal Service, that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the factual matters contained in paragraphs eight through 23 of the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Postal Inspector of the United States Postal Service.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.


Dated  1/4/19                    /s/ Matthew Murrow
                                 Matthew Murrow
                                 Postal Inspector
                                 United States Postal Service

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

## CIVIL COVER SHEET

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the Western District of Missouri.

**The completed cover sheet must be saved as a pdf document and filed as an attachment to the Complaint or Notice of Removal.**

**Plaintiff(s):**

First Listed Plaintiff:
United States of America ;
**County of Residence:** Greene County

**Defendant(s):**

First Listed Defendant:
$7,900.00 in United States Currency ;
**County of Residence:** Greene County

Additional Defendants(s):
$8,020.00 in United States Currency ;

**County Where Claim For Relief Arose:** Greene County

**Plaintiff's Attorney(s):**

Assistant United States Attorney Leigh Farmakidis ( United States of America)
United States Attorney's Office
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
**Phone:** 816-426-7173
**Fax:**
**Email:** leigh.wasserstrom@usdoj.gov

**Defendant's Attorney(s):**

**Basis of Jurisdiction:** 1. U.S. Government Plaintiff

**Citizenship of Principal Parties** (Diversity Cases Only)
  **Plaintiff:** N/A
  **Defendant:** N/A

**Origin:** 1. Original Proceeding

**Nature of Suit:** 625 Drug-Related Seizure of Property (21 U.S.C. 881)

**Cause of Action:** The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

**Requested in Complaint**

    **Class Action:** Not filed as a Class Action

    **Monetary Demand (in Thousands):**

    **Jury Demand:** No

    **Related Cases:** Is NOT a refiling of a previously dismissed action

---

**Signature:** Leigh Farmakidis

**Date:** 1/4/19

If any of this information is incorrect, please close this window and go back to the Civil Cover Sheet Input form to make the correction and generate the updated JS44. Once corrected, print this form, sign and date it, and submit it with your new civil action.